UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    MODIFIED CHAPTER 13 PLAN

James Gulbranson II and
Carol Gulbranson

                                                            Dated: August 25, 2009
      DEBTORS                                   Case No. 08-41673

In a joint case, debtor means debtors in this plan.

1. DEBTOR'S PAYMENTS TO TRUSTEE —
a. As of the date of this plan, the debtor has paid the trustee $ 1,950.00
b. Beginning in October, 2009, debtors will resume making payments at the rate of $200.00 per month for 28 months, for a subtotal of $5,600.00. Payments under this paragraph, therefore, will be $5,600.00. The minimum plan length is X 36 or 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee $ 0
d. The debtor will pay the trustee a total of $ 7,550.00 [line 1(a) + line 1(b) + line 1(c)].

2. PAYMENTS BY TRUSTEE — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $750.00. [line 1(d) x .09].

3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. none | $ | | $ |

4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. none | |

5. CLAIMS NOT IN DEFAULT – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

Creditor                              Description of Claim

A.  Kimball State Bank            vehicle loans

6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | paid to date | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. Wells Fargo Bank claim #7 | $1,111.48 | $1111.48 | n/a already paid in full | | | $1,111.48 |
| b. Wells Fargo Bank post petition -- June and July and August 2009 | $440.74 | 0 | $44.07 | 1* | 10 | $661.11 |
| b. Wells Fargo Bank claim #10 | $2,291.59 | 0 | $100.00 | 4* | 23 | $2,291.59 |
| | | | | | | $4,064.18 |

* of modified plan

7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)] — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate

| Creditor | amount of Default | Monthly Payment | Beginning in Month # | number of payments | TOTAL Payments |
|---|---|---|---|---|---|

8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

a.  none

9. PRIORITY CLAIMS — The trustee will pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $900.00 | per trustee | | | $ 900.00 |
| b. Domestic support | $ 0 | | | | $ |
| c. IRS | $ 1,383.43* | n/a -- already paid | | | $ 1,383.43 |
| d. MN Dept. of Rev. | $ 201.29 | n/a -- already paid | | | $ 201.29 |
| e. | | | | Total: | $ 2,484.72 |

*original claim $3,383.43; balance of this claim already paid by intercept of tax refund

10. SEPARATE CLASSES OF UNSECURED CREDITORS — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   none
The trustee will pay the allowed claims of the following creditors. All entries below are estimates.

None.

11. TIMELY FILED UNSECURED CREDITORS — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 1,397.31 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $3,258.11 (per trustee's website)
d. Total estimated unsecured claims are $ 3,258.11  [line 11(a) + line 11(b)].

12. TARDILY-FILED UNSECURED CREDITORS —  Creditors whose claims are not timely filed will not receive any distribution from the trustee, but their claims will nevertheless be discharged.

13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  As to the claims dealt with in paragraphs 5, 6, 7 and 8, in the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, discharged by the discharge granted pursuant to 11 USC 1328.  For the tax year 2008, a proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted pursuant to 11 USC Section 1305.  Other than said tax claims, the debtor will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims.   Debtors may prepay the plan after 36 months.

Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments as set out in the note and mortgage; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The holders and/or servicers of claims secured by liens on real property may send payment coupons to the debtor. The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

14. SUMMARY OF PAYMENTS —

| | |
|---|---|
| Trustee's Fee [Line 2] | $ 755.00 |
| Home Mortgage Defaults [Line 6(d)] | $ 4,064.18 |
| Claims in Default [Line 7(d)] | $ 0 |
| Other Secured Claims [Line 8(d)] | $ 0 |
| Other Claims [Line 9(f)] | $ 2,484.73 |
| Separate Classes [Line 10(c)] | $ 0 |
| Unsecured Creditors [Line 11] | $ <u>1,397.31</u> |
| TOTAL [must equal Line 1(d)] | $ 8,701.22 |

Name, Address, Telephone
and License Number of Debtor's Attorney:

| | | |
|---|---|---|
| Sam V. Calvert #1431X | Signed: | James Gulbranson II   /e/ |
| 1011 2nd ST N Ste 107 | | Debtor |
| St Cloud MN 56303 | Signed: | Carol Gulbranson   /e/ |
| 320-252-4473 | | Debtor |

```
              UNITED STATES BANKRUPTCY COURT
                  DISTRICT OF MINNESOTA
```

In re:

James Gulbranson II
Carol Gulbranson

       Debtors.
                            Chapter 13 file Case:08-41673

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

     Barb Robinson, employed by Sam V. Calvert, attorney licensed to practice law in this Court, with office address of 1011 2nd St. North, Suite 107, Box 1044, St. Cloud, MN 56302, declares that on September 16, 2009 I served the attached Motion to Modify Plan and Plan on the entity or entities listed below, by mailing each of them a copy thereof by enclosing the same in an envelope, first class postage prepaid, and depositing the same in the United States Mail at St. Cloud Minnesota addressed as follows:

Office of the US Trustee       **(Electronically)**
Suite 1015
300 S 4th St
Mpls MN 55415

Kyle Carlson
Box 519
Barnsville MN 56514

**by US Mail**

James & Carol Gulbranson
7799 Church St
Clear Lake MN 55320

<u>see attached list</u>

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  September 16, 2009       /e/   B Robinson

**AFFILIATED CREDIT SERVICES**
PO BOX 7739
ROCHESTER, MN 55903-7739

**ANESTHESIA ASSOC OF ST CLOUD**
PO BOX 725
ST CLOUD, MN 56302-0725

**AT&T LONG DISTANCE**
POBOX 8212
AUROA, IL 60572-8212

**Capital Management Services, LP**
re: Citibank
726 Exchange St, Ste 700
Buffalo NY 14210

**CARDMEMBER SERVICE**
PO BOX 6335
FARGO, ND 58125-6335

**CINGULAR WIRELESS**
PO BOX 6438
CAROL STREAM, IL 60197

**COLLECTION RESOURCES**
PO BOX 2270
ST CLOUD, MN 56302

**DORN, SCHNOBRICH, WALBERG, LTD**
350 NE 4TH AVE
WAITE PARK, MN 56387

**DUNSDEMAND**
RE: WASTE MGMT
PO BOX 498
RICHFIELD, OH 44286

**Financial Consultants Company Inc** (57616649)
re: Midsota Plastic Surgeons/
Midsota Surgical Suites
160 3rd Ave W #100
Foley MN 56329

**GE CONSUMER FINANCE**
PO BOX 960061
ORLANDO, FL 32896-0061

**Internal Revenue Service**
P O Box 21126
Philadelphia, PA 19114

**INTERNAL REVENUE SERVICE**
ST PAUL, MN 55101

**IRS CENTRALIZED INSOLVENCY UNIT**
P.O. BOX 21126
PHILADELPHIA, PA 19114-0326

**KIMBALL STATE BANK**
24952 CTY RD 7
ST AUGUSTA, MN 56301

**LVNV Funding LLC its successors and assigns as**
assignee of US Bank
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

**MIDSOTA PLASTIC SURGEONS, P.A.**
3701 12TH ST N #100
ST CLOUD, MN 56303

**MINNESOTA DEPARTMENT OF REVENUE BKY SEC**
PO BOX 64447
ST PAUL, MN 55164-0447

**NORTHLAND GROUP**
P O BOX 390905
EDINA, MN 55439

**NORTHWAY DENTAL**
1500 NORTHWAY DR
ST CLOUD, MN 56303

**Portfolio Recovery Associates**
PO Box 41067

Norfolk, VA 23541

**RESURGENT CAPITAL SERVICES**
PO BOX 10587
GREENVILLE, SC 29603-0587

**RIVER CITY DENTAL**
1201 MAINE PRAIRIE RD
ST CLOUD, MN 56301

**SCHOLASTIC**
HELP ME BE GOOD
PO BOX 6002
JEFFERSON CITY, MO 65102-6002

**SHELDON LAW OFFICE**
P O BOX 7215
ST CLOUD, MN 56302

**ST CLOUD ORTHOPEDIC ASSOC, LTD**
1555 NORTHWAY DR
ST CLOUD, MN 56303

**ST CLOUD SURGICAL CENTER** (57590772)
1526 NORTHWAY DR
ST CLOUD, MN 56303-1255

**STATE OF MINNESOTA**
DEPT OF REVENUE
PO BOX 64447
ST PAUL MN 55164-0447

**WASTE MANAGEMENT**
650 NE HWY 10
ST CLOUD, MN 56304

**WELLS FARGO BANK**
400 S 1ST S
ST CLOUD, MN 56301

**WELLS FARGO BANK MAC B6955-01B**
BOX 31557
BILLINGS, MT 59107-9900

**WELLS FARGO BANK NA**
PO BOX 10438
MAC X2303-01M
DES MOINES IA 50306

**Wells Fargo Financial Bank**
Attn Payment Processing
PO Box 14487
Des Moines IA 50306

**WELLS FARGO HOME MORTGAGE**
PO BOX 6417
CAROL STREAM, IL 60197-6417

**WELLS FARGO SERVICING CTR MAC X2505016**
BOX 94423
ALBUQUERQUE, NM 87199-9833

**XCEL ENERGY**
PO BOX 9477
MPLS, MN 55484-9477

**ZIP'S DIESEL INJECTION SERVICE**
25162 ST AUGUSTA DR
ST CLOUD, MN 56301

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

James Gulbranson II and
Carol Gulbranson

    DEBTORS                         Case No.  08-41673

**SIGNATURE DECLARATION**

___  PETITION, SCHEDULES & STATEMENTS
___  CHAPTER 13 PLAN
___  SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___  AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_  MODIFIED CHAPTER 13 PLAN
_x_  OTHER (Please describe: __Motion hearing__)

I (We), the undersigned debtor(s) or authorized representative of the debtor, **make the following declaration under penalty of perjury:**

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct.
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct.
- **[individual debtors only]** If no Social Security number is included in the "Debtor Information Pages" submitted as part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages" is applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: __Sept. 16, 2009__

X __[signature]__                      X __[signature]__
Signature of Debtor or Authorized Representative     Signature of Co-Debtor or Authorized Representative
   James Gulbranson II                            Carol Gulbranson